IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In Re:<br><br>LUIS JAIME GARCIA GIL<br><br><br><br>Debtor(s) | Case No.:10-11919-MCF<br><br>Chapter 13 |

**TRUSTEE'S OBJECTION TO EXEMPTION(S)**

TO THE HONORABLE COURT:

    **COMES NOW** Alejandro Oliveras Rivera, Chapter 13 Trustee, through the undersigned attorney, and very respectfully states, alleges and prays as follows:

**INTRODUCTION**

    1.   Pursuant to Federal Bankruptcy Rule 4003(b), the trustee is hereto objecting to debtor(s) claim for exemptions as set forth below. In so objecting, the trustee has considered the value of the properties subject of exemption as well as the liens on this property[1].

    2.   The foregoing objection to exemptions is in regard to debtor's disclosure at schedule "B" regarding a "possible cause of action" listed for which an exemption has been claimed at Schedule "C". Namely, as per schedules B and C, debtor has given his cause of action against "MedaPharmaceutical" a value of "1.00". Dkt 32.

    3.   The Trustee objects to the claim of exemption described herein, for the reasons to be developed hereunder.

**TRUSTEE'S OBJECTION OVER CLAIM FOR EXEMPTION UNDER
11 USC §522(d)(5)**

    4.   The captioned Debtor(s) listed in Schedule B, item 35, the estate property that is described as follows:

**"POSSIBLE CAUSE OF ACTION AGAINST MedaPharmaceutical"**

---

[1] The amount of the debts secured by the properties in question was obtained from the proof of claim, if one was filed, or, in its absence, from the scheduled amount.

TRUSTEE'S OBJECTION TO EXEMPTION(S)
Page 2 of 6
Case No. 10-11919-MCF

---

5. At schedule "C" debtor has claimed an exemption, claiming $1.00 of what he expects to receive from the cause of action under the auspices of Section 522(d)(11)(e) of the Bankruptcy Code. In other words, debtor has listed the value of the above mentioned cause of action as "1.00" and are claiming exemption in the amount of $1.00.

6. The Trustee objects to debtors disclosure that the value of his cause of action is "$1.00", and in turn, claim of an exemption under 11 USC section 522(d)(11)(e) in the amount of (1.00). Specially, when debtor has not placed the Trustee and parties in interest in position to determine if in fact debtor has waived litigation for this suit as disclosed. This can be interpreted as debtor's intention to <u>claim as exempt the entire value of the property</u> above-mentioned. This scenario is similar to the example given by Sommers Gretchko in her article **Watch Out for the Putative "In-Kind" Exemption!** [2],:

> "The debtor owned interests in three privately held entities, and his Schedule C of "property claimed as exempt" alleged that the "market value" of his interest in each business was $1,000. That *same* Schedule C also listed the "value of the exemption" for the interest in each business at $1,000. Most of the other creditors thought that the debtor was just trying to exempt $1,000 of his interest in each business entity— and they weren't troubled by such small exemptions. However, a handful of creditors were concerned that the debtor's recitation of an *identical* market value and exemption value of his interests in these businesses meant that the debtor was really trying to exempt the *entire* value of the his stock in *each* of the businesses".

Ms. Sommers Gretchko lectures that:

---

[2] XXVII, ABI Journal 4, 8 May 2008.

TRUSTEE'S OBJECTION TO EXEMPTION(S)
Page 3 of 6
Case No. 10-11919-MCF

---------------------------------------------------------------------------------------------------------

> *"A term of art defines this maneuver: It is called the "in-kind exemption," because the debtor is trying to assert an exemption of an entire asset (not just the exemptible portion thereof). Despite the monetary limits in Bankruptcy Code §522(d), and in many state exemption schemes, debtors who purport to assert an in-kind exemption are attempting to effectively "pull a fast one" by trying to exempt assets in their entirety, while disregarding the statutory dollar limits for the exemption."*

7. *The author then speaks of "red flags". "Creditors must watch for any sign that the debtor is trying to claim an in-kind exemption. The most obvious "red flags" are if debtor's Schedule C (1)* **lists the market value and the exempt value at identical figures** *or (2) lists the market value of the asset as "$1.00," "unknown" or "contingent" and the claimed exemption as "100 percent," "contingent," unknown," etc. "  As Chapter 13 Trustee, we too"… must watch for any sign that the debtor is trying to claim an in-kind exemption."* **(Our bold)**

8. The essence of our objection is the same as that raised by the author *"…if the identity of the market value and the claimed exemption constituted the debtor's attempt to exempt all of his interests in the businesses (regardless of the value of each business interest), then the exemption must be denied because it runs afoul of the exemption statute."*

09. *"When an individual files for bankruptcy, all of his property…becomes property of the estate. 11 U.S.C. § 541. But the debtor is entitled to claim as exempt, and so retain, some assets. 11 U.S.C. § 522(d). The statute enumerates both what kind of assets may be exempted, e.g. an "interest . . . in one motor vehicle," id. § 522(d)(2), and the maximum value of those exemptions, e.g. "not to*

TRUSTEE'S OBJECTION TO EXEMPTION(S)
Page 4 of 6
Case No. 10-11919-MCF

---

*exceed $2,400 in value, id.*" In Re Barroso-Herrans, 524 F.3d. 341 (1st Cir. 2008). "*The threshold question of what has been claimed [exempt] calls for interpreting the schedules filed by the debtors.*" Id.

10. "*Use of terms like '100% [of the property's value],' 'unknown,' 'to be determined,' 'tba' and '$1.00' are red flags to trustees and creditors,*" 1 Collier on Bankruptcy P. 8.06(1)(c)(ii) (15th ed. rev. 2007), *and therefore put them on notice that if they do not object, the whole value of the asset--whatever it might later turn out to be--will be exempt.*" Id.

11. A recent expression on this subject, and applicable to the controversy at hand, is found in the case of Schwab v. Reilly, 130 S. Ct. 2652 (2010). In this case, the Supreme Court discussed the importance of balancing the debtor's allowance of exemptions and its impact upon the distribution to creditors:

> As we emphasized in *Rousey,* "[t]o help the debtor obtain a fresh start, the Bankruptcy Code permits him to *withdraw from the estate* certain *interests in* property, such as his car or home, *up to certain values*." 544 U.S., at 325, 125 S.Ct. 1561 (emphasis added). **The Code limits exemptions in this fashion because every asset the Code permits a debtor to withdraw from the estate is an asset that is not available to his creditors**. See § 522(b)(1). Congress balanced the difficult choices that exemption limits impose on debtors with the economic harm that exemptions visit on creditors (…)"

(Emphasis ours).

12. The Supreme Court decision in Reilly is based upon the premise that the debtor's "*schedules of exempt property **accurately describes the asset** and declares the 'value of [the] claim exemption'*

TRUSTEE'S OBJECTION TO EXEMPTION(S)
Page 5 of 6
Case No. 10-11919-MCF

---

*in that asset to be an amount within the limits that the Code prescribes*". (Emphasis ours). In the present case, debtor has failed to accurately describe and assign a monetary value to his cause of action; thus, an in light of the above-mentioned discussion, the trustee requests debtor's claim of exemptions be denied.

**WHEREFORE** it is very respectfully requested from this Honorable Court that it grant this motion consequently denying Debtor(s) exemption identified in the foregoing objection, for the grounds recited herein, with any other remedy it may find proper in view of the premises.

**NOTICE**

Within fourteen (14) days after service as evidenced by the certification, and an additional three (3) days pursuant to Fed. R. Bank. P. 9006(f) if you were served by mail, any party in interest whom this document has been served, or any other party to the action who objects the relief sought herein, shall serve and file an objection or other appropriate response to this document with the Clerk's office of the U.S. Bankruptcy Court for the District of Puerto Rico. If no objection or other response is filed within the time allowed herein, the document will be deemed unopposed and may be granted unless: (1) the requested relief is forbidden by law; (2) the requested relief is against public policy; or (3) in the opinion of the Court, the interest of justice requires otherwise. If you file a timely response, the Court may – in its discretion – schedule a hearing. 9013-1(h)(1).

**CERTIFICATE OF SERVICE:** I hereby certify that on this same date I electronically filed the above document with the Clerk of the Court using the CM/ECF System which sends a notification of such filing to all parties in this case registered for receipt of notice by electronic mail. I further certify that the foregoing document has been served to the U.S. Trustee at ustregion21.hr.ecf@usdoj.gov and by depositing true and correct copies thereof in the United States Mail, postage prepaid, to debtor(s) at the address of record.

TRUSTEE'S OBJECTION TO EXEMPTION(S)
Page 6 of 6
Case No. 10-11919-MCF

---

**RESPECTFULLY SUBMITTED.**

In San Juan, Puerto Rico, this 20th day of March, 2012.

**ALEJANDRO OLIVERAS RIVERA**
CHAPTER 13 TRUSTEE
P.O. Box 9024062
San Juan, PR 00902-4062
Tel. 977-3500  Fax 977-3521
aorecf@ch13sju.com

**s/PEDRO R. MEDINA HERNANDEZ**
PEDRO R. MEDINA HERNANDEZ
Staff Attorney
USDC-PR #226614
pmedina@ch13sju.com